IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**RODGER DALE MITCHELL,**

      **Petitioner,**

v.                                                                                          Case No.: 2:14-cv-12761

**KAREN PSZCZOLKOWSKI,**[1]
**Warden, Northern Correctional Facility,**

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 8), Petitioner's Motion to Provide Information as a Pro-Se Petitioner, (ECF No. 12), and Respondent's Motion to Dismiss Petition for Failure to Exhaust State Remedies, (ECF No. 15).[2] This case is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[1] Karen Pszczolkowski is the warden of the Northern Correctional Facility where Petitioner is currently incarcerated. Therefore, she is the properly named respondent under Rule 2(a) of the Rules Governing Section 2254 Cases. The Clerk is instructed to substitute Ms. Pszczolkowski as Respondent.

[2] Petitioner has also filed a motion "requesting charges of false swearing be filed" against counsel for Respondent because counsel stated in her notice of appearance that she represents Ms. Seifert as the warden of Northern Correctional Facility when the warden of that facility is Karen Pszczolkowski. (ECF No. 11). The undersigned **DENIES** Petitioner's motion "requesting charges of false swearing" as it is frivolous and fails to request appropriate relief.

The undersigned **GRANTS** Petitioner's motion to provide supplemental information in support of his habeas petition. (ECF No. 12). The additional materials supplied by Petitioner have been considered in evaluating the pending issues. The undersigned also notes that the record before the Court is well-developed and provides a sufficient basis upon which to resolve this matter without need for an evidentiary hearing. *See* Rule 8, Rules Governing Section 2254 Cases.

Having thoroughly reviewed and considered the record, the undersigned **FINDS** that Petitioner has failed to exhaust his state court remedies and, thus, has prematurely filed his petition for a writ of habeas corpus in this Court. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DISMISS** this case, without prejudice, to allow the Supreme Court of Appeals of West Virginia an opportunity to rule on Petitioner's appeal from the Circuit Court of Jackson County, West Virginia's July 24, 2014 opinion order denying Petitioner's state habeas petition.

## I.   Procedural History

In November 2002, Petitioner Rodger Dale Mitchell ("Mitchell") was convicted by a jury of four counts of sexual abuse by a custodian and eight counts of child abuse creating a risk of injury. (ECF No. 15-1 at 12, 61).[3] He was sentenced to twenty-two to fifty years' imprisonment. (*Id.*) Mitchell is currently serving that sentence at Northern Correctional Facility in Moundsville, West Virginia. (ECF No. 8 at 1).

After the verdict, Mitchell filed post-trial motions, and successfully won dismissal of the convictions on six counts of child abuse creating a risk of injury. Thereafter, he received several extensions of the appeal period. (ECF No. 15-1 at 13-14).  In June 2005,

---

[3] Respondent has attached exhibits to her motion to dismiss. All of the exhibits are public documents from Mitchell's state court proceedings and a prior federal habeas action. The Court may consider these "matters of public record" when deciding a motion to dismiss in a section 2254 case. *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009).

Mitchell appealed his convictions to the Supreme Court of Appeals of West Virginia (WVSCA). (ECF No. 15-1 at 44). Mitchell raised two issues on direct appeal: (1) he was incompetent to stand trial, and (2) the trial court erred when it denied his motion to dismiss the sexual abuse charges because the victims' testimony was uncorroborated and inherently incredible. (*Id.* at 17). The WVSCA refused Mitchell's appeal in October 2005. (*Id.* at 44).

In January 2006, the Circuit Court of Jackson County received Mitchell's *pro se* state habeas corpus petition.[4] (*Id.* at 46). The habeas proceeding was assigned case number 06-C-8. (*Id.*) In his petition, Mitchell raised a host of issues and sub-issues, including denial of the right to a fair trial, prosecutorial misconduct, ineffective assistance of counsel, "trial court erro [*sic*]," trial court bias, and indictment defects. (ECF No. 15-1 at 66-103). Accordingly, the circuit court appointed counsel to assist Mitchell in the prosecution of his habeas petition. Disagreements soon arose between Mitchell and his counsel, resulting in counsel's withdrawal, and the court's appointment of a substitute. Mitchell either requested or was given new counsel at least five more times after that, making a total of six court-appointed lawyers having been assigned to him between January 2006 and June 2011, when a final order was issued in his case.[5] (*Id.* at 46-48).

A review of the record indicates that most of the difficulties between Mitchell and his lawyers revolved around their disagreements over what grounds to assert in an amended habeas petition. (ECF No. 15-1 at 46-48, 115-16, 119). Specifically, Mitchell insisted that counsel argue that the circuit court, the prosecutor, and Mitchell's prior

---

[4] According to Respondent, Mitchell originally filed his state habeas corpus action in Fayette County, and it was then transferred to Jackson County. (ECF No. 16 at 3).

[5] Mitchell was not represented by counsel at the time of the court's final order. (ECF No. 12-1 at 11).

- 3 -

court-appointed counsel had conspired to cover up the "white-collar kidnapping" of Mitchell. (*Id.* at 115). All the while, from 2006 to 2011, Mitchell continued to file motions and documents *pro se* in his habeas action, including motions for recusal of the presiding judge, motions to present evidence to a grand jury, and motions requesting that the WVSCA compel the circuit court judge to rule, or take original jurisdiction over the case.[6] (ECF No. 15-1 at 46-48). Mitchell also filed ethics complaints against his court-appointed counsel and Judge Nibert. (*Id.* at 48, 115).

In June 2011, the circuit court issued a final order in case 06-C-8, entitled "Order Denying Petitioner's Motion to Present Case to the Grand Jury." (*Id.* at 48; ECF No. 15-2 at 85-91). The court pointed out that it had received "multiple motions, letters, and other correspondences" from Mitchell that appeared to be "petitions for post-conviction habeas corpus relief." (ECF No. 15-2 at 85). However, the court stated that upon closer review, the documents failed to raise any constitutional issues related to Mitchell's incarceration and were instead requests to allow him "to present a case to the Jackson County Grand Jury in which the Petitioner accuses the former Jackson County Prosecutor of the crime of 'malicious prosecution.'" (*Id.*) The court noted that the only relief requested by Mitchell was access to a grand jury; therefore, the court proceeded to analyze Mitchell's right to access a grand jury under West Virginia law. (*Id.* at 87-91). Finding that Mitchell could not overcome the limitations to access imposed by law to protect the judicial process from abuse, the court denied the relief requested. (*Id.* at 91). While the circuit court acknowledged that Mitchell had originally filed a *pro se* state

---

[6] Judge Thomas Evans, III, who presided over Mitchell's trial, was initially assigned to case 06-C-8, but recused himself after hiring a former Jackson County prosecuting attorney as his law clerk. (ECF No. 16 at 5-6). Judge David Nibert was then assigned to Mitchell's state habeas case. (ECF No. 15-1 at 47).

habeas petition, the court did not explicitly address the claims in that petition other than Mitchell's allegation that perjured testimony from a Child Protective Services investigator was used to obtain an indictment against him. (ECF No. 15-2 at 89-90). Evidently, Mitchell did not appeal this order.[7] (*See* ECF No. 8 at 6, 8, 9; ECF No. 16 at 8).

In July 2011, Mitchell filed another *pro se* state habeas petition in Fayette County. (ECF No. 15-2 at 2; ECF No. 15-1 at 51). The petition was again transferred to the Circuit Court of Jackson County and was assigned case number 11-C-101. (ECF No. 15-1 at 51). In this petition, Mitchell asserted claims of ineffective assistance of counsel, prosecutorial misconduct, "plain court error," and judicial misconduct. (ECF No. 15-2 at 6). Mitchell filed a motion to recuse Judge Nibert in November 2011. (ECF No. 15-1 at 51). The WVSCA denied the motion on May 30, 2012, finding that the evidence set out in support of the disqualification was insufficient to warrant the relief requested.[8] (*Id.*; ECF No. 15-2 at 83).

In November 2012, Judge Nibert appointed counsel to represent Mitchell in the proceedings. Counsel moved to withdraw from representation in January 2013, (ECF No. 15-1 at 51), contending that he had reviewed the record, researched Mitchell's potential claims, and conferred with him by mail and in person, yet Mitchell continued to insist that counsel pursue claims that were frivolous. (ECF No. 15-3 at 2-3). Counsel asserted that Mitchell would not allow him to proceed with the "more reasonable" claims unless counsel also included the baseless claims. (*Id.* at 3). According to counsel,

---

[7] In his section 2254 petition, when asked if he has appealed any post-conviction decisions by the state court, Mitchell either writes "N/A" or leaves the area blank. (ECF No. 8 at 6, 8, 9).

[8] In June 2012, Mitchell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court. *Mitchell v. Ballard*, No. 2:12-2149, 2012 WL 4356273, at *1 (S.D.W.Va., Sept. 24, 2012). The Court dismissed the action without prejudice because Mitchell had failed to exhaust his state court remedies. *Id.*

Mitchell also accused him of conspiring with the court to "sabotage" the state habeas proceeding. (*Id.*) In February 2013, a special prosecutor was appointed to represent the state in Mitchell's habeas action, and in March 2013, Mitchell's attorney was permitted to withdraw and was replaced with new court-appointed counsel. (ECF No. 15-3 at 7-8). In May 2013, newly appointed counsel moved to withdraw after accepting a position with a prosecutor's office. (ECF No. 15-3 at 11).[9]

On July 24, 2014, the circuit court issued an opinion order in case 11-C-101 denying Mitchell's state habeas petition without holding an evidentiary hearing.[10] In the opinion order, the circuit court noted that "numerous counsel were appointed to represent [Mitchell] throughout this habeas corpus proceeding. However, as [Mitchell] states in his *pro se* Amended Petition, 'defendant can not [*sic*] keep counsel' because appointed counsel refuse to raise issues which [Mitchell] sought to be raised."[11] The court went on, nonetheless, to address Mitchell's twenty-two grounds for relief, which were categorized into three areas: 1) ineffective assistance of counsel; 2) prosecutorial misconduct; and 3) judicial misconduct. Addressing each category separately, the court concluded that Mitchell failed to demonstrate that his constitutional rights were denied on any of the twenty-two grounds. Therefore, his petition for a writ of habeas corpus

---

[9] An amended *pro se* state habeas petition was filed by Mitchell in case 06-C-8 in April 2013 despite the circuit court's final order in that case. (ECF No. 15-1 at 48). In that petition, Mitchell raised claims of ineffective assistance of counsel, prosecutorial misconduct, judicial misconduct, and cumulative error. (ECF No. 15-2 at 94).

[10] This information is found in the current docket sheets pertaining to *Rodger Mitchell v. Warden, Mt. Olive Correctional Complex*, Case No. 06-C-8, and *Rodger Mitchell v. David R. Ballard, Warden,* Case No. 11-C-101, both pending in the Circuit Court of Jackson County, West Virginia. The opinion order is docket number 68-72 in Case No. 11-C-101.

[11] *Mitchell v. Ballard*, No. 11-C-101, Dkt No. 68-72, Opinion Order Denying Writ of Habeas Corpus Without a Hearing, at 1 n.1 (Circuit Court of Jackson County July 24, 2014).

was denied.[12] On August 25, 2014, Mitchell filed a Notice of Appeal with the WVSCA challenging the July 2014 opinion order.[13] According to the appellate court's docket sheet, a Scheduling Order was issued on October 8, 2014. Mitchell recently moved for the appointment of counsel, and his financial affidavit was approved approximately one week ago.[14]

## II. Mitchell's Claims

Mitchell asserts the following grounds in support of his section 2254 habeas petition:

1. Trial counsel was ineffective when he failed to request and obtain "the discovery." (ECF No. 8 at 5).

2. Trial counsel was ineffective when he "allowed the trial judge to argue many issues" against Mitchell. (*Id.*)

3. Trial counsel was ineffective when he "knowingly allowed the state prosecutor to go forward by using false swearing and perjury." (*Id.*)

4. Trial counsel was ineffective by failing "to object to many wrongfull [*sic*] acts" of the trial judge and prosecutor. (*Id.*)

5. The trial court acted inappropriately when it "convinced" the prosecutor "to go forward with the prosecution knowing" the prosecution was legally impossible. (*Id.* at 7).

---

[12] *Id.* at 5-21.

[13] According to the Clerk of the WVSCA, Mitchell's appeal has been assigned case number 14-0820 and is currently pending.

[14] The Clerk of the WVSCA provided the undersigned with a copy of the docket sheet, which demonstrates that the motion for appointment of counsel was docketed on October 14, 2014, and Mitchell's financial affidavit was approved by the Court on October 21, 2014. Accordingly, the appeal is still in its early stages.

6.     The trial court acted improperly when the court "openly argue[d] many issues against" Mitchell and ruled in the state's favor "many times." (*Id.*)

7.     The prosecutor committed misconduct when she, along with defense counsel, "knowingly used all tainted evidence to make the two felony cases." (*Id.* at 8).

8.     The prosecutor acted inappropriately by "knowingly" encouraging "false swearing and perjury" and by tampering with witnesses. (*Id.*)

### III.  Standard of Review

Respondent has filed a motion to dismiss ostensibly under Federal Rule of Civil Procedure 12(b)(6), based upon Mitchell's failure to exhaust state remedies. (ECF No. 15). Because Respondent filed an answer concurrently with her motion to dismiss, the motion technically should be considered as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Walker v. Kelly*, 589 F.3d at 139.[15] However, the distinction makes no practice difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in section 2254 actions. *Id* at 138-39.

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nevertheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523,

---

[15] Respondent also filed a memorandum in support of motion for summary judgment, although no motion for summary judgment was filed. (ECF No. 16). The memorandum shall be construed as one in support of Respondent's motion for judgment on the pleadings.

- 8 -

529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a section 2254 case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.*

## IV. Discussion

Respondent's sole argument for dismissal of the petition is that Mitchell has failed to exhaust his state remedies for any of the claims that he has presented in his section 2254 petition. (ECF No. 16 at 11-14). Mitchell seems to admit in the petition that he has not exhausted his state remedies for any of his claims. (ECF No. 8 at 5, 7, 9). However, he explains that he has not exhausted his claims because appointed counsel in the state habeas proceedings refused to raise the claims, and he cannot persuade the state to prosecute itself. (*Id.*)

As a prerequisite to filing a section 2254 proceeding, a habeas petitioner must exhaust his state remedies. 28 U.S.C. § 2254(b)(1)(A). Exhaustion of state remedies requires the petitioner to fairly present the federal constitutional issues to the state courts and allow them "one full opportunity" to resolve the issues. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). Given that the purpose of exhaustion is to ensure that the state has "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights," *Picard*, 404 U.S. at 275 (internal quotations omitted), fair presentation demands that the state courts be fully informed of "both the operative facts and the controlling legal principles." *Baker v.*

*Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (quoting *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997)). While it is unnecessary to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982) (internal citations omitted). Instead, the petitioner must present the "substance of a federal habeas corpus claim" to the state courts. *Picard*, 404 U.S. at 278.

In West Virginia, exhaustion is accomplished in one of three ways: by (1) presenting the federal constitutional issues directly to the WVSCA through an appeal of the conviction or sentence; (2) filing a petition for a writ of habeas corpus under the WVSCA's original jurisdiction and receiving a dismissal with prejudice;[16] or (3) filing a petition for a writ of habeas corpus in the appropriate circuit court followed by an appeal of the judgment to the WVSCA, if the result is adverse. *Moore v. Kirby*, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); *Bayerle v. Godwin*, 825 F.Supp. 113, 114-15 (N.D.W.Va. 1993); *McDaniel v. Holland*, 631 F.Supp. 1544, 1545-46 (S.D.W.Va. 1986); *see also Gardner v. Plumley*, No. 2:12-cv-03386, 2013 WL 5999041, at *5 (S.D.W.Va. Nov. 12, 2013). In general, the district court may not review a federal habeas petition unless there has been "total exhaustion" of the presented issues. *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Thus, when a petitioner has failed to exhaust his state court remedies, a federal habeas petition should be dismissed. *See Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

---

[16] However, an original jurisdiction petition that is denied without any indication that the denial was with prejudice, following a determination on the merits, does not exhaust the prisoner's state court remedies. *See Meadows v. Legursky*, 904 F.2d 903, 908-09 (4th Cir. 1990) (abrogated on other grounds by *Trest v. Cain*, 522 U.S. 87, 118 S. Ct. 478, 139 L. Ed. 2d 444 (1997)).

In this case, the claims set forth in Mitchell's petition have not yet been addressed by the WVSCA. To the contrary, they have just been brought to its doorstep. Consequently, Mitchell's state habeas proceeding is still ongoing, as it was when Mitchell filed his last section 2254 petition with this Court. That petition was dismissed for failure to exhaust state remedies, and this petition should fare no better. *See Mitchell v. Ballard*, No. 2:12-2149, 2012 WL 4356273, at \*1 (S.D.W.Va., Sept. 24, 2012). Until Mitchell completes the pending appeal of the July 2014 dismissal of his state habeas petition, he has not exhausted his state remedies. Thus, any federal habeas petition is premature.

Still, the exhaustion barrier may be removed when "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). These statutory exceptions apply "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981). While Mitchell asserts that he has not exhausted his claims because his various appointed counsel refused to introduce the issues in state court, he personally raised similar claims in his state court *pro se* filings, and the state circuit court addressed those claims in its July 2014 decision, which is currently on appeal. Thus, Mitchell has no valid argument that he has been precluded from exhausting his state remedies. Moreover, to the extent that Mitchell argues that his claims should be excepted from the exhaustion requirement because the state "will not prosecute itself," Mitchell fails to state a claim cognizable under section 2254. Section 2254 is the avenue by which a state prisoner collaterally challenges his conviction and sentence. If prosecution of state

officials is the relief that Mitchell seeks, then a section 2254 petition is not the proper procedure by which to secure that result. Accordingly, Mitchell has not demonstrated the "absence of available State corrective process" or that circumstances exist that render the state corrective process ineffective to protect Mitchell's rights. 28 U.S.C. § 2254(b)(1)(B).

Finally, Mitchell objects to the state's "slow walking" and the pace at which the state court process has progressed. (ECF No. 21 at 3-4). While the Fourth Circuit has recognized that in extreme cases, state remedies "may be rendered ineffective by inordinate delay or inaction in state proceedings," so that exhaustion of those remedies is unnecessary, that is not the case here. *Ward v. Freeman*, 46 F.3d 1129, 1995 WL 48002, at *1 (4th Cir. 1995) (unpublished table decision). "[T]he relevant question is whether the given delay is so extraordinary that it amounts to a violation of the petitioner's right to due process." *Harper v. Ballard*, No. 3:12-00653, 2013 WL 285412, at *8 n.6 (S.D.W.Va. Jan. 24, 2013) (citations and markings omitted). To determine whether a given delay amounts to a due process violation, the Fourth Circuit has utilized the four-factor speedy trial analysis outlined in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). *See Ward*, 1995 WL 48002, at *1. Those factors include (1) the length of delay, (2) the reason for the delay, (3) the petitioner's assertion of his rights, and (4) any prejudice to the petitioner from the delay. *Id.* No one factor is dispositive of the issue; instead, they are to be considered together in light of the particular circumstances of the case. *Barker,* 407 U.S. at 533.

Here, the length of delay between the filing of Mitchell's state habeas petition and the circuit court's July 2014 order in case 11-C-101 was nearly three years. While there is "no talismanic number of years or months" at which a delay becomes inordinate, this

amount of time certainly falls within the range that requires some scrutiny. *Coe v. Thurman,* 922 F.2d 528, 531 (9th Cir. 1990) (finding a four-year delay to be "alarming"); *see also Lee v. Stickman,* 357 F.3d 338, 343-44 (3rd Cir. 2004) (exhaustion excused as futile when post-conviction relief was pending in state court for eight years); *Workman v. Tate,* 957 F.2d 1339, 1344 (6th Cir. 1992) (failure to exhaust state remedies was excused where habeas petitioner's motion for post-conviction relief "languished" in the state courts for more than three years); *Mathis v. Hood,* 851 F.2d 612, 614-15 (2d Cir. 1988) (six-year delay in direct appeal excused exhaustion of state remedies). *But see Cook v. Florida Parole and Probation Comm'n,* 749 F.2d 678, 679-80 (11th Cir. 1985) (three-and-one-half-year delay in ruling on petitioner's motion for post-conviction relief was unfortunate, but did not justify excusing exhaustion requirement); *Booker v. Kelly*, 636 F. Supp. 319, 321-22 (W.D.N.Y. 1986) (three-year delay in appeal caused by ineffectiveness of defense counsel was not the equivalent of a complete absence of state corrective procedure).[17]

In the Fourth Circuit, "the length of delay is not a determinative factor when some of the delay is attributable to [the] petitioner." *Walkup v. Haines*, No. 5:04-1283, 2005 WL 2428163, at *3 (S.D.W.Va. Sept. 30, 2005) (citing *Matthews v. Evatt,* 51 F.3d 267, 1995 WL 149027, at *1 n.* (4th Cir. 1995) (unpublished table decision) (holding four-year delay did not excuse exhaustion where some of delay was attributable to petitioner)). The nearly three years it took to resolve Mitchell's habeas petition are, at

---

[17] In case 06-C-8, the length of delay between the filing of Mitchell's state habeas petition and the final order was in excess of five years. (ECF No. 15-1 at 46, 48). While that delay is substantial, much of the delay was attributable to Mitchell's reluctance to heed appointed counsel's advice, forcing counsel to choose between raising claims of government conspiracy that counsel deemed frivolous or seeking to withdraw from representation. Mitchell also filed numerous *pro se* documents and motions that had the effect of decelerating the state habeas process, including motions for recusal of the circuit court judge that were reviewed by the WVSCA and petitions for a writ of mandamus from the WVSCA. (*Id.* at 46-48). In any event, there is no evidence in the record that Mitchell appealed the final order in case 06-C-8, wherein the circuit court treated Mitchell's state habeas filings as requests to present evidence to a grand jury.

least in part, unequivocally attributable to Mitchell's actions. Despite the problems and delays caused in case number 06-C-8 by his demands and *pro se* motions, Mitchell mirrored that unsuccessful behavior in case number 11-C-101. He filed a motion to recuse the presiding circuit court judge, which delayed the process for approximately six months until the WVSCA issued an order denying the motion. (ECF No. 15-1 at 51). Moreover, Mitchell continued to quarrel with appointed counsel over the proper grounds for habeas relief, insisting that grounds be asserted that multiple attorneys had already told him were either entirely frivolous or clearly fated to fail. (ECF No. 15-1 at 51; ECF No. 15-3 at 3). Causing even further delays, Mitchell refused to allow counsel to proceed with any claims unless all claims, even those considered by counsel to be wholly baseless, were pursued. (*Id.*; ECF No. 15-3 at 2-3). Mitchell persisted in filing *pro se* documents in case number 06-C-8, which was assigned to the same circuit judge presiding over 11-C-101, although that case was closed.[18] (ECF No. 15-1 at 48-49). Certainly, these actions by Mitchell created confusion and uncertainty, naturally resulting in slowdowns while counsel and the court attempted to address the issues and properly move the proceeding forward.

When considering the remaining *Barker* factors, the circumstances in this case do not rise to the level of a due process violation. While Mitchell has repeatedly asserted his rights, there is no apparent prejudice that has resulted from the delay. For instance, there is no reason to believe that the delay in state post-conviction resolution has caused any loss of evidence necessary to support Mitchell's current claims or would-be defense, if any, at a new trial. *Cf. Ward*, 1995 WL 48002, at *1 (finding prejudice where fifteen-

---

[18] Mitchell's filings in 06-C-8 during the pendency of 11-C-101 included an amended habeas petition and a petition for a writ of mandamus from the WVSCA. (ECF No. 15-1 at 48-49; ECF No. 12-1 at 1; ECF No. 21-1 at 2).

year delay resulted in destruction of court reporter's notes and possible "loss of evidence and witnesses' memories"); *see also United States v. Brown*, 292 F. App'x 250, 253 (4th Cir. 2008) (holding Mitchell failed to demonstrate prejudice from nearly three-year delay in post-conviction proceedings because "[a]nxiety alone over case status" was insufficient). Moreover, relative to any overarching due process concerns, Mitchell has been appointed counsel by the state a number of times (as many as nine according to the July 2014 opinion order), and he has been permitted to file lengthy *pro se* documents that the state circuit court considered when issuing two post-conviction opinions in his case. Throughout the state post-conviction process, the WVSCA has also contemplated and ruled on Mitchell's motions for recusal and petitions for a writ of mandamus. Finally, the state circuit court's habeas order was just recently issued, and Mitchell's appeal from that order has been pending for only about two months.

Accordingly, given the current posture of the state proceeding, the undersigned **FINDS** that Mitchell has failed to exhaust his state remedies and has not raised sufficient grounds to justify excusing the exhaustion requirement of 28 U.S.C. § 2254.

## V. <u>Proposal and Recommendations</u>

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows**:**

1. Mitchell's Petition for Writ of Habeas Corpus by a Person in State Custody, (ECF No. 8), be **DISMISSED, without prejudice**, so that he may exhaust his state court remedies; and

2. Respondent's Motion to Dismiss, (ECF No. 15), be **GRANTED**.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Copenhaver and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Mitchell, Respondent, and counsel of record.

**FILED:** October 27, 2014.

_____
Cheryl A. Eifert
United States Magistrate Judge